# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| TAYLOR A. BARTLETT, | ) | Case No. 18-30060-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

## MEMORANDUM OF DECISION

On January 31, 2018, Taylor A. Bartlett (the "Debtor") commenced this case by filing a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code").[1] Jack E. Houghton, Jr. was appointed the Chapter 7 trustee (the "Trustee") and, in April 2018, was granted leave to employ himself as counsel to the Trustee. In June 2018, the Debtor filed a motion to convert the case to one under Chapter 13. The Court granted the motion over the Trustee's opposition and the case was converted to one under Chapter 13 on July 18, 2018.

Presently before the Court is the "Former Chapter 7 Trustee's and Counsel to the Trustee's Motion for Administrative Expense," through which the Trustee seeks fees for his pre-conversion efforts in investigating potential non-exempt assets that could be available for distribution to creditors. Although no moneys were collected or disbursed while the case was in Chapter 7, the Trustee seeks compensation, based on his hourly rate, in the amount of $7,210.00 for Trustee work, $4,480.00 for work performed as counsel to the Trustee, and $69.44 in expenses – a total of $11,759.44 – to be paid as an administrative expense in the Debtor's Chapter 13 case. The Debtor does not dispute the reasonableness of the number of hours expended by the Trustee or the hourly

---

[1] *See* 11 U.S.C. §§ 101 *et seq*. All statutory references are to the provisions of the Bankruptcy Code unless otherwise stated.

1

rate charged and does not object to the fees requested for work performed as counsel to the Trustee. But the Debtor does object to the allowance of the Trustee's fee arguing that such fees are not compensable because the Trustee did not disburse or turn over any funds to creditors.

Section 330(a)(1) of the Bankruptcy Code authorizes the court to award to a trustee "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A), (B). Reasonable compensation, in turn, is to be determined by reference to the factors set forth in § 330(a)(3). Here, the reasonableness of the Trustee's requested compensation has not been disputed. However, the Debtor argues, despite the reasonableness of the compensation requested, the Court cannot, consistent with § 326(a), allow any fee to the Trustee for his work performed as Chapter 7 trustee.

In addition to the reasonableness requirement for allowance of fees under § 330(a), a Chapter 7 trustee's fees are further limited by § 326(a), which provides:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 . . . for the trustee's services . . . not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, *upon all moneys disbursed or turned over in the case by the trustee* to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (emphasis supplied). This limitation on a Chapter 7 trustee's fee has created a split among bankruptcy courts tasked with determining whether a Chapter 7 trustee is entitled to reasonable compensation for pre-conversion work performed in a case converted from Chapter 7 to Chapter 13.

A majority of bankruptcy courts to address the issue have concluded that:

a literal reading of § 326(a) should apply only in fully administered cases and that in cases which were not fully administered, through no fault of the trustee, compensation should be awarded to the trustee on a *quantum meruit* basis when the trustee performed substantial services but did not disburse any moneys.

2

*Matter of Parameswaran*, 64 B.R. 341, 343 (Bankr. S.D.N.Y. 1986).[2]  In general, courts adopting the *quantum meruit*[3] theory reason that allowing compensation discourages debtors from concealing assets, encourages trustees to diligently investigate and pursue possible assets for distribution, prevents unfair treatment of Chapter 7 trustees, and minimizes oppositions to conversions from Chapter 7 to 13.

More recent written opinions, however, appear to signal a shift away from the *quantum meruit* position, with many courts denying Chapter 7 trustee fees in converted cases where the trustee did not disburse any funds pre-conversion.[4]  Relying on a plain language analysis of § 326, those courts have concluded that § 326(a) "fixes the maximum award a court may give a trustee according to a sliding scale . . . relate[d] solely to 'moneys disbursed or turned over.'" *Giger*, 504 B.R. at 288 (quoting 11 U.S.C. § 326(a)).  Thus, "however laudable or desirable it might be on fairness and good bankruptcy policy grounds to award compensation" to a Chapter 7 trustee for work performed prior to conversion, those courts conclude that "to do so would be inconsistent with the provisions of 11 U.S.C. § 326(a)." *Evans*, 344 B.R. at 454.

This Court agrees that "[q]uantum meruit alone 'cannot supply a basis to award fees where the Bankruptcy Code does not otherwise permit them.'"  *In re Scott*, 2006 WL 566441, *2 n.1

---

[2] *See also In re Schuck*, 2007 WL 2757160, *2 (Bankr. C.D. Ill. Sept. 20, 2007); *In re Pivinski*, 366 B.R. 285, 289-290 (Bankr. D. Del. 2007); *In re Shaw*, 330 B.R. 113, 115 (Bankr. D. Vt. 2005); *In re Andona*, 2000 WL 33712205, *2 (Bankr. D. Idaho June 14, 2000); *In re Moore*, 235 B.R. 414 (Bankr. W.D. Ky. 1999), *aff'd Shilling v. Moore*, 286 B.R. 846 (W.D. Ky. 2002); *In re Washington*, 232 B.R. 814 (Bankr. S.D. Fla. 1999); *In re Berry*, 166 B.R. 932 (Bankr. D. Or. 1994); *In re Wells*, 87 B.R. 732, 736 n.3 (Bankr. N.D. Ga. 1988); *Matter of Stabler*, 75 B.R. 135 (Bankr. M.D. Fla. 1987).

[3] In the simplest terms, *quantum meruit* is a theory of recovery based on a quasi-contract implied in law that allows compensation for the reasonable value of services provided.  *See, e.g.*, *Incase v. Timex Corp.*, 488 F.3d 46, 54 (1st Cir. 2007) (citing *J.A. Sullivan Corp. v. Massachusetts*, 494 N.E.2d 374, 379 (Mass. 1986)).

[4] *See In re Mingledorff*, 2015 WL 3897374, *7 (Bankr. S.D. Ga. June 23, 2015); *In re Giger*, 504 B.R. 286 (Bankr. D. Me. 2014); *In re Silvus*, 329 B.R. 193 (Bankr. E.D. Va. 2005); *In re Evans*, 344 B.R. 440 (Bankr. W.D. Va. 2004); *In re Murphy*, 272 B.R. 483, 485-86 (Bankr. D. Colo. 2002); *In re Fischer*, 210 B.R. 467, 469 (Bankr. D. Minn. 1997).

(Bankr. N.D. Ill. March 7, 2006) (quoting *In re Hages*, 252 B.R. 789, 799 n.9 (Bankr. N.D. Cal. 2000)). The Court's interpretation of § 326(a) "begins where all such inquiries must begin: with the language of the statute itself." *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). But the Court does not read the plain language of § 326(a) as precluding Chapter 7 trustee fees in converted cases where the trustee has not disbursed any funds. Section 326(a) is explicitly reserved for limiting trustee compensation "*[i]n a case under chapter 7 or 11*." 11 U.S.C. § 326(a) (emphasis supplied). This case is no longer a case under Chapter 7. Accordingly, "by its terms, read literally, § 326(a) simply does not apply to preclude trustee compensation." *In re Colburn*, 231 B.R. 778, 782 (Bankr. D. Or. 1999); *see also Scott*, 2006 WL 566441 at *2 ("Section 326(a) limits compensation to the trustee in a chapter 7 case, true enough, but the provision becomes irrelevant once the case is converted" to one under chapter 13).

Here, the only objection posed to the Trustee's fee request was founded upon the Debtor's assertion that such fees were barred by the plain language of § 326(a). Having concluded otherwise, the Court will ALLOW the Trustee's fees in the amount requested.[5] An order in conformity with this Memorandum will issue forthwith.

DATED: September 19, 2018          By the Court,

                                   /s/ Elizabeth D. Katz    09/19/2018

                                   Elizabeth D. Katz
                                   United States Bankruptcy Judge

---

[5] At least one court has criticized the conclusion reached by the *Colburn* and *Scott* cases, which this Court now adopts, on grounds that "it would be absurd to find that Congress intended to limit a Chapter 7 trustee's compensation in cases where the trustee fully administered all assets in the case but did not intend to limit that trustee's compensation if the case was converted before any distributions were made." *Mingledorff*, 2015 WL 3897374 at *7. But the inapplicability of § 326(a) in such cases does not obviate the requirement that the requested fee be determined reasonable within the meaning of § 330(a). Section 330(a)(3) explicitly instructs the court to consider "all relevant factors," which, in the appropriate case, may include the maximum fee the trustee would otherwise have been entitled to had the case proceeded as one under Chapter 7. *See Colburn*, 231 B.R. at 783 n.7.

4